## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

| | |
|---|---|
| ROLEX WATCH U.S.A., INC., <br><br> Plaintiff, <br><br> v. <br><br> ANTONIO GUS TRUJILLO a/k/a CHINO ANTONIO TRU d/b/a CHINO'S, <br><br> Defendant. | Civil Action No. <br><br><br> **COMPLAINT** |

## COMPLAINT FOR: TRADEMARK COUNTERFEITING
## <u>AND TRADEMARK INFRINGEMENT</u>
### (INJUNCTIVE RELIEF REQUESTED)

Plaintiff Rolex Watch U.S.A., Inc. ("Rolex"), through its attorneys, complaining of defendant Antonio Gus Trujillo a/k/a Chino Antonio Tru d/b/a Chino's ("Defendant"), hereby alleges as follows:

### <u>STATEMENT OF THE CASE</u>

1.     This is a suit by Rolex against Defendant for injunctive relief, statutory damages, treble damages and/or profits, pre-judgment interest, attorneys' fees, and costs for trademark counterfeiting and trademark infringement.  Defendant is being sued by Rolex as a result of Defendant's sale, offer for sale, distribution, promotion and advertisement of merchandise bearing counterfeit and infringing copies of Rolex's federally registered trademarks.

1

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over the federal trademark claims asserted in this action under 15 U.S.C. § 1121, and 28 U.S.C. § 1331 and 28 U.S.C. § 1338.

3.      Defendant is subject to the Court's jurisdiction because he does business in the Northern District of Texas and has committed the acts complained of herein in this District.

4.      Defendant is subject to the jurisdiction of this Court pursuant to and in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

6.      Rolex is a corporation duly organized and existing under the laws of the State of New York, having an office and principal place of business at 650 Fifth Avenue, New York, New York 10019.

7.      Upon information and belief, Defendant Chino Antonio Tru is a resident of the State of Texas residing at 1107 S Arthur St., Amarillo, Texas 79102.

8.      Upon information and belief, Defendant Tru owns and operates a retail store called "Chino's" doing business in this District at 2710 Civic Circle, Amarillo, Texas 79109 (hereinafter referred to as "Chino's Retail Store"). Defendant is the dominant, moving, active and conscious force behind the operations, actions and inaction of Chino's Retail Store. Among other things, he manages, supervises, directs, controls, ratifies, authorizes and/or participates in the operations, actions and inaction of Chino's Retail Store.

9.      Upon information and belief, Defendant owns, rents and/or exercises direct control over a storage unit at 2501 Britain Drive #165, Amarillo, Texas 79109 (hereinafter referred to as "Chino's Storage Location").

## FACTUAL ALLEGATIONS

### A.  Rolex's Famous Products and Trademarks

10.     Rolex is the exclusive distributor and warrantor of Rolex watches in the United States, all of which bear one or more of the Rolex Registered Trademarks as defined below.

11.     Rolex watches are identified by the trade name and trademark ROLEX and one or more of the Rolex Registered Trademarks.

12.     Rolex is responsible for assembling, finishing, marketing and selling in interstate commerce high quality Rolex watches, watch bracelets and related products for men and women (hereinafter referred to as "Rolex Watches").

13.     Rolex is responsible for maintaining control over the quality of Rolex products and services in this country.

14.     Rolex has developed an outstanding reputation because of the uniform high quality of Rolex Watches.  The Rolex Registered Trademarks are distinctive marks used to identify these high quality products originating with Rolex.

15.     Rolex owns numerous trademarks, including, but not limited to, the trademarks and trade names ROLEX, CROWN DEVICE (design), COSMOGRAPH, DATEJUST, DAY-DATE, DAYTONA, DEEPSEA, GMT-MASTER, GMT-MASTER II,

SEA-DWELLER, SKY-DWELLER, OYSTER PERPETUAL, SUBMARINER and YACHT-MASTER.

16.   Rolex is the owner of, including but not limited to, the following federal trademark registrations in the U.S. Patent and Trademark Office:

| Trademark | Reg. No. | Reg. Date | Goods |
|---|---|---|---|
| COSMOGRAPH | 733,081 | 6/19/62 | Watches and Chronometers |
| ♛<br>CROWN DEVICE | 657,756 | 1/28/58 | Timepieces of all kinds and parts thereof. |
| DATEJUST | 674,177 | 2/17/59 | Timepieces and parts thereof. |
| DAY-DATE | 831,652 | 7/4/67 | Wrist watches. |
| DAYTONA | 2,331,145 | 3/21/00 | Watches. |
| DEEPSEA | 4,378,540 | 8/6/13 | Watches. |
| GMT-MASTER | 683,249 | 8/11/59 | Watches. |
| GMT-MASTER II | 2,985,308 | 8/16/05 | Watches and parts thereof. |
| OYSTER PERPETUAL | 1,105,602 | 11/7/78 | Watches and parts thereof. |
| ROLEX | 101,819 | 1/12/15 | Watches, clocks, parts of watches and clocks, and their cases. |
| SKY-DWELLER | 4,280,289 | 1/22/13 | Watches and parts thereof. |
| SEA-DWELLER | 860,527 | 11/19/68 | Watches and clocks, and parts thereof. |
| SUBMARINER | 1,782,604 | 7/20/93 | Watches. |
| YACHT-MASTER | 1,749,374 | 1/26/93 | Watches. |

Correct and true copies of Rolex's federal trademark registrations (hereinafter collectively referred to as the "Rolex Registered Trademarks") are attached hereto as **Exhibit 1**.

17.   The Rolex Registered Trademarks are arbitrary and fanciful and are entitled to the highest level of protection afforded by law.

18.   Rolex and its predecessors have used the Rolex Registered Trademarks for many years on and in connection with Rolex Watches and related products.

4

19.    Based on Rolex's extensive advertising, sales and the wide popularity of Rolex products, the Rolex Registered Trademarks are now famous and have been famous since well prior to the activities of Defendant complained of herein.  The Rolex Registered Trademarks have acquired secondary meaning so that any product or advertisement bearing such marks is immediately associated by consumers, the public and the trade as being a product of or affiliated with Rolex.

20.    Rolex has gone to great lengths to protect its name and enforce the Rolex Registered Trademarks.

21.    The Rolex Registered Trademarks are valid and subsisting and in full force and effect and have become incontestable pursuant to 15 U.S.C. § 1065.

**B.  Defendant's Counterfeiting and Infringing Activities**

22.    Upon information and belief, long after Rolex's adoption and use of the Rolex Registered Trademarks on its products and after Rolex's federal registration of the Rolex Registered Trademarks, Defendant began selling, offering for sale, distributing, promoting and advertising in interstate commerce watches bearing counterfeit and infringing copies of the Rolex Registered Trademarks.

23.    Beginning in August 2022, Rolex learned that Defendant has been promoting, distributing, offering for sale and selling watches bearing counterfeit and infringing copies of the Rolex Registered Trademarks on the social media platforms www.facebook.com ("Facebook") and www.instagram.com ("Instagram").  On these social media platforms, Defendant was using the account handles "Chino Antonio Tru" and "CHINOTHAHUSTLA", respectively.  Defendant was posting images of his

counterfeit Rolex watches and advertising these watches as "TOP QUALITY ICED OUT ROLEX" at prices ranging from approximately $120 to $275. True and correct copies of sample screenshots taken from Instagram and Facebook are attached hereto as **Exhibit 2**.

24.    Defendant also offered for sale other counterfeit merchandise, including apparel, handbags, shoes, jewelry and other items bearing trademarks from various luxury brands through his social media accounts. In his posts, Defendant instructed customers to message him directly to purchase counterfeit products. Defendant offered various electronic payment methods, including payment through the following payment processors: Zelle, Venmo and CashApp. Defendant offered shipping options to customers in the United States and abroad.

25.     Defendant also operated a brick-and-mortar store named "Chino's", located at 2710 Civic Circle, Amarillo, Texas 79109. Defendant promoted Chino's Retail Store by posting images and videos of various celebrities visiting the store on his social media accounts.

26.    On August 17, 2022, Rolex's investigator traveled to Amarillo, Texas, and met with a Special Agent from Homeland Security Investigations ("HSI"). Rolex's investigator was trained by Rolex and other luxury brands to identify counterfeit products.

27.    Rolex's investigator and the HSI agent arrived at Chino's Retail Store. Rolex's investigator entered the store and observed that Defendant was selling counterfeit merchandise, including watches, apparel, handbags, shoes, jewelry and other accessories bearing trademarks from various luxury brands.

28.    Rolex's investigator observed that Defendant was offering for sale approximately 45 counterfeit Rolex watches at Chino's Retail Store. The counterfeit Rolex watches were in a display case below a large sign bearing the ROLEX and CROWN DESIGN federally registered trademarks. The engraving at the bottom of the display case stated: "Chino Tha Hu$tla". A counterfeit Rolex clock was also displayed in the store. A photograph of the display case at Chino's Retail Store is attached hereto as **Exhibit 3.**

29.    Rolex's investigator purchased one counterfeit Rolex watch for $75.00 and one counterfeit luxury handbag for $40.00, for a total of $115.00, with no tax. Rolex's investigator paid for these items in cash.

30.    On or about November 21, 2022, HSI and the Amarillo Police Department ("APD") executed a search warrant at Chino's Retail Store and seized thousands of counterfeit items bearing trademarks belonging to various other brand owners, including Adidas, Balenciaga, Burberry, Cartier, Chanel, Louis Vuitton, Michael Kors, Nike, The North Face and Versace.

31.    Following the seizure at the Chino's Retail Store, the APD obtained a search warrant for a storage unit belonging to Defendant. Rolex's investigator proceeded with law enforcement to the storage facility, located at 2501 Britain Driver #165, Amarillo, Texas 79109, which also contained counterfeit items.

32.    According to the media/public release issued by the APD, approximately 13,013 counterfeit items were seized at Chino's Retail Store and Chino's Storage Location, including counterfeit Rolex watches, with a total MSRP value in excess of $16 million. A true and correct copy of the public release is attached hereto as **Exhibit 4**.

33.     Law enforcement seized approximately 202 watches and one clock which were determined to bear counterfeit and infringing copies of the Rolex Registered Trademarks from Chino's Retail Store and/or Chino's Storage Location.  Law enforcement also seized 115 watch boxes bearing infringements of the Rolex Registered Trademarks.

34.     On December 2, 2022, Rolex's technician examined 26 of the watches which were seized from Defendant.  These watches were not the genuine products of Rolex; instead they were counterfeit and infringing copies using one or more of the Rolex Registered Trademarks.

35.     Defendant has willfully used infringing and counterfeit copies of at least 14 of the Rolex Registered Trademarks and caused Rolex irreparable harm.

## C. Summary of Defendant's Illegal Activities

36.     Defendant intentionally, maliciously and willfully sold, offered for sale, distributed, promoted and advertised watches bearing counterfeit copies of one or more of the Rolex Registered Trademarks, despite knowledge that such sales were illegal.

37.     Defendant's acts were and/or are calculated to confuse and to deceive the public and were and/or are performed with full knowledge that Defendant's products were not the genuine products of Rolex.

38.     Defendant is not now, nor has ever been, associated, affiliated, connected with, endorsed or sanctioned by Rolex.

39.     Rolex has never authorized or consented in any way to the use by Defendant of the Rolex Registered Trademarks or marks confusingly similar thereto.

40.     Defendant's use of the Rolex Registered Trademarks or marks substantially indistinguishable from and/or confusingly similar thereto in connection with Defendant's products is likely to cause consumers, the public and the trade to erroneously believe that the products provided by Defendant originate from Rolex, and/or that said products are authorized, sponsored or approved by Rolex, even though they are not.  This confusion causes irreparable harm to Rolex and weakens and dilutes the distinctive quality of the Rolex Registered Trademarks.

41.     By using infringements and counterfeits of the Rolex Registered Trademarks on his goods, Defendant traded on the goodwill and reputation of Rolex and created the false impression that Defendant's goods are affiliated with Rolex.

42.     Defendant has been unjustly enriched by illegally using and misappropriating Rolex's intellectual property for his own financial gain.  Furthermore, Defendant has unfairly benefited and profited from Rolex's outstanding reputation for high quality products and its significant advertising and promotion of Rolex watches and the Rolex Registered Trademarks.

43.     Defendant has disparaged Rolex, its Rolex Registered Trademarks and its products by creating a false association with Rolex, its genuine goods and its Rolex Registered Trademarks.

44.     Rolex has no control over the nature and quality of the products sold by Defendant, which bear counterfeits and infringements of the Rolex Registered Trademarks.

45.     Among other things, Defendant's promotion, advertisement and provision of his goods have and will reflect adversely on Rolex as the believed source of origin thereof;

hamper continuing efforts by Rolex to protect its outstanding reputation for high quality, originality and distinctive goods; and tarnish the goodwill and demand for genuine Rolex watches and products.

46.    Upon information and belief, Defendant acted with reckless disregard for Rolex's rights and/or was willfully blind in connection with unlawful activities.  Upon information and belief, Defendant willfully and maliciously engaged in infringing activities.  In light of the foregoing, and in view of all the facts and circumstances of this case, this case constitutes an exceptional case under 15 U.S.C. § 1117(a).

47.    Rolex has suffered irreparable harm and damages as a result of Defendant's conduct.  The injuries and damages sustained by Rolex have been directly and proximately caused by Defendant's wrongful advertisement, promotion, distribution, sale and offers for sale of his goods bearing counterfeit and/or infringing copies of the Rolex Registered Trademarks.

48.    The advertisements placed and published by Defendant on the Internet have infringed upon the Rolex Registered Trademarks and caused Rolex severe injury.

49.    Upon information and belief, Defendant's acts will continue unless enjoined by this Court.

50.    Rolex has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
### (Trademark Counterfeiting, 15 U.S.C. § 1114)

51.    Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1–50 herein.

52.     Defendant has used spurious designations that are identical with, or substantially indistinguishable from, the Rolex Registered Trademarks on goods covered by registrations for the Rolex Registered Trademarks.

53.     Defendant has intentionally used these spurious designations, knowing they are counterfeit, in connection with the advertisement, promotion, sale, offering for sale and distribution of goods.

54.     Defendant's use of the Rolex Registered Trademarks to advertise, promote, offer for sale, distribute and sell watches bearing counterfeits was and/or is without the consent of Rolex.

55.     Defendant's unauthorized use of the Rolex Registered Trademarks on and in connection with his advertisement, promotion, sale, offering for sale and distribution of watches through his online social media accounts and brick-and-mortar store constitutes Defendant's use of the Rolex Registered Trademarks in commerce.

56.     Defendant's unauthorized use of the Rolex Registered Trademarks as set forth above is likely to:

(a)     cause confusion, mistake and deception;

(b)     cause the public to believe that his watches are the same as Rolex's watches and/or that they are authorized, sponsored or approved by Rolex or that they are affiliated, connected or associated with or in some way related to Rolex; and

(c)     result in Defendant unfairly benefiting from Rolex's advertising and promotion and profiting off of the reputation of Rolex and its Rolex Registered

Trademarks, all to the substantial and irreparable injury of the public, Rolex and the Rolex Registered Trademarks and the substantial goodwill represented thereby.

57.    Defendant's acts constitute willful trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

58.    By reason of the foregoing, Defendant is liable to Rolex for: (i) judgment in an amount representing three times Rolex's damages or Defendant's illicit profits, whichever is greater, plus reasonable attorneys' fees and costs, including investigative fees and prejudgment interest pursuant to 15 U.S.C. §1117(b); or (ii) at Rolex's election at any time before final judgment is rendered, an award of statutory damages in the amount of up to $2,000,000 for each mark counterfeited as provided by 15 U.S.C. §1117(c), along with an award of attorneys' fees pursuant to 15 U.S.C. §1117(a).

## SECOND CLAIM FOR RELIEF
### Trademark Infringement (15 U.S.C. § 1114)

59.    Rolex hereby incorporates by reference all prior allegations set forth in paragraphs 1–50 herein.

60.    Based on Rolex's extensive advertising under the Rolex Registered Trademarks, its extensive sales and the wide popularity of Rolex watches, the Rolex Registered Trademarks have acquired a secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product and affiliate of Rolex.

61.    Defendant's activities constitute Defendant's use in commerce of the Rolex Registered Trademarks.  Defendant used the Rolex Registered Trademarks in connection

with Defendant's sale, offers of sale, distribution, promotion and advertisement of his goods bearing infringements and/or counterfeits of the Rolex Registered Trademarks.

62.    Defendant has used the Rolex Registered Trademarks, knowing they are the exclusive property of Rolex, in connection with the sale, offers for sale, distribution, promotion and advertisement of his goods bearing counterfeits or infringements of the Rolex Registered Trademarks when Defendant is not so authorized.

63.    Defendant engages in the aforementioned activity with the intent to confuse and deceive the public into believing that he and the watches he sells are in some way sponsored, affiliated or associated with Rolex, when in fact they are not.

64.    Defendant's use of the Rolex Registered Trademarks has been without the consent of Rolex, is likely to cause confusion and mistake in the minds of the public and, in particular, tends to and does falsely create the impression that the goods advertised, promoted, distributed and sold by Defendant are warranted, authorized, sponsored or approved by Rolex when, in fact, they are not.

65.    Defendant's unauthorized use of the Rolex Registered Trademarks has resulted in Defendant unfairly benefiting from Rolex's advertising and promotion, and profiting from the reputation of Rolex and the Rolex Registered Trademarks, to the substantial and irreparable injury of the public, Rolex, the Rolex Registered Trademarks and the substantial goodwill represented thereby.

66.    Defendant's acts constitute willful trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

67. By reason of the of the foregoing, Defendant is liable to Rolex for: (a) an amount representing any damages sustained by Rolex, trebled, and Defendant's illicit profits; and (b) reasonable attorney's fees, costs including investigative fees and pre-judgment interest pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

**WHEREFORE**, Rolex respectfully requests that the Court order the following relief:

I. That the Court enter an injunction ordering that Defendant, his agents, servants, employees and all other persons in privity or acting in concert with him be enjoined and restrained from:

(a) using any reproduction, counterfeit, copy, or colorable imitation of the Rolex Registered Trademarks to identify any goods or the rendering of any services not authorized by Rolex;

(b) engaging in any course of conduct likely to cause confusion, deception or mistake, or injure Rolex's business reputation or weaken the distinctive quality of the Rolex Registered Trademarks, Rolex's name, reputation or goodwill;

(c) using a false description or representation including words or other symbols tending to falsely describe or represent his unauthorized goods as being those of Rolex or sponsored by or associated with Rolex and from offering such goods in commerce;

(d) further infringing the Rolex Registered Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, displaying or otherwise disposing of any products not authorized by Rolex bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks;

(e) using any simulation, reproduction, counterfeit, copy or colorable imitation of the Rolex Registered Trademarks in connection with the promotion, advertisement, display, sale, offering for sale, manufacture,

production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Rolex, or to any goods sold, manufactured, sponsored or approved by, or connected with Rolex;

(f)    making any statement or representation whatsoever, performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any services provided, products manufactured, distributed, sold or offered for sale, or rented by Defendant are in any way associated or connected with Rolex, or are provided, sold, manufactured, licensed, sponsored, approved or authorized by Rolex;

(g)    engaging in any conduct constituting an infringement of any of the Rolex Registered Trademarks, of Rolex's rights in, or to use or to exploit, said trademark, or constituting any weakening of Rolex's name, reputation and goodwill;

(h)    using or continuing to use the Rolex Registered Trademarks or trade names in any variation thereof on the Internet (either in the text of a website, as a domain name, or as a keyword, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Rolex;

(k)    using any e-mail addresses to offer for sale any nongenuine products bearing counterfeits of the Rolex Registered Trademarks;

(l)    having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Rolex Registered Trademarks;

(m)    secreting, destroying, altering, removing or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting or displaying of all unauthorized products which infringe the Rolex Registered Trademarks; and

(n)    effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a) through (m).

II.    That Defendant, within ten (10) days of judgment, take all steps necessary to remove from all websites and/or social media accounts owned, operated or controlled by Defendant, all text or other media offering for sale any merchandise bearing the Rolex Registered Trademarks, or marks substantially indistinguishable therefrom.

III.    That Defendant, within thirty (30) days of judgment, file and serve Rolex with a sworn statement setting forth in detail the manner and form in which he has complied with this injunction pursuant to 15 U.S.C. § 1116(a).

IV.    That Defendant be required to deliver up for destruction to Rolex all unauthorized materials bearing any of the Rolex Registered Trademarks in association with unauthorized goods or services and the means for production of same pursuant to 15 U.S.C. § 1118.

V.    That Defendant be required to deliver up for destruction to Rolex any goods that were being advertised, promoted, or offered for sale as well as any and all catalogs, circulars and other printed materials in his possession or under his control displaying or promoting the infringing goods that were advertised, promoted or offered for sale.

VI.    Requiring Defendant to account for all gains, profits and advantages derived by Defendant from the sale of his infringing merchandise bearing the Rolex Registered Trademarks, and that the award to Rolex be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Rolex be awarded statutory damages pursuant to 15 U.S.C. § 1117(c) of up to $2,000,000 for each trademark that Defendant has willfully counterfeited and infringed.

VII.    Ordering that Rolex recover the costs of this action, together with reasonable attorneys' and investigators' fees and pre-judgment interest in accordance with 15 U.S.C. § 1117.

VIII.   Directing that this Court retain jurisdiction of this action for the purpose of enabling Rolex to apply to the Court at any time for such further orders and interpretation or execution of any Order entered in this action, for the modification of any such Order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

IX.     Ordering that pursuant to 11 U.S.C. § 523(a)(6), Defendant be prohibited from a discharge under 11 U.S.C. § 727 for malicious, willful and fraudulent injury to Rolex.

X.      Awarding to Rolex such other and further relief as the Court may deem just and proper, together with the costs and disbursements that Rolex has incurred in connection with this action.

DATED:  June 15, 2023

Respectfully submitted,

/s/ Christian D. Stewart

Christian D. Stewart, *Lead Attorney*
Texas State Bar No. 24013569
cstewart@mw-law.com
MORGAN WILLIAMSON LLP
701 S. Taylor, Suite 440
Amarillo, TX 79101
Telephone: (806) 358-8116
Facsimile: (806) 358-3154

Brian W. Brokate (*Pro Hac Vice* pending)
bwbrokate@gibney.com
Maja Szumarska (*Pro Hac Vice* pending)

mszumarska@gibney.com
Nicollette S. Alvarez (*Pro Hac Vice* pending)
nalvarez@gibney.com
GIBNEY ANTHONY & FLAHERTY, LLP
650 Fifth Avenue
New York, NY 10019
Telephone: (212) 688-5151
Facsimile: (212) 688-8315

**ATTORNEYS FOR THE PLAINTIFF,**
**ROLEX WATCH U.S.A., INC.**

# EXHIBIT 1



8304921

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**

**United States Patent and Trademark Office**

**October 20, 2022**

THE ATTACHED U.S. TRADEMARK REGISTRATION 733,081 *IS*
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM June 19, 1962
4th RENEWAL FOR A TERM OF 10 YEARS FROM June 19, 2022
*SECTION 8 & 15*

SAID RECORDS SHOW TITLE TO BE IN:
*ROLEX WATCH, U.S.A., INC.*

By Authority of the

Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

**W. MONTGOMERY**
Certifying Officer

# United States Patent Office

**733,081**
Registered June 19, 1962

## PRINCIPAL REGISTER
### Trademark

Ser. No. 118,895, filed Apr. 28, 1961

## COSMOGRAPH

Montres Rolex S.A. (Swiss corporation)
Rue du Marche 18
Geneva, Switzerland

For: WATCHES AND CHRONOMETERS, in CLASS 27.

Owner of Swiss Reg. No. 146,790, dated June 11, 1953.



7686242

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**
United States Patent and Trademark Office

**July 16, 2018**

THE ATTACHED U.S. TRADEMARK REGISTRATION *657,756* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *January 28, 1958*
*4th* RENEWAL FOR A TERM OF *10* YEARS FROM  *January 28, 2018*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *ROLEX WATCH, U.S.A., INC.*
  *NEW YORK CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer



Int. Cl.: 14

Prior U.S. Cl.: 27

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 657,756

Registered Jan. 28, 1958

Renewal Term Begins Jan. 28, 1998

## TRADEMARK
## PRINCIPAL REGISTER



ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
665 FIFTH AVENUE
NEW YORK, NY 10022, ASSIGNEE OF MONTRES ROLEX S. A. (ROLEX UHREN AG.), (ROLEX WATCH CO. LTD.) (SWITZERLAND CORPORATION) GENEVA, SWITZERLAND

FOR: TIMEPIECES OF ALL KINDS AND PARTS THEREOF, IN CLASS 27 (INT. CL. 14).

FIRST USE 1-15-1941; IN COMMERCE 6-1-1943.

SER. NO. 72-027,385, FILED 4-2-1957.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Feb. 3, 1998.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

657,756
Registered Jan. 28, 1958

## PRINCIPAL REGISTER
### Trademark

Ser. No. 27,385, filed Apr. 2, 1957



Montres Rolex S. A. (Rolex Uhren Ag.), (Rolex Watch
Co. Ltd.), (Swiss corporation)
18, rue de Marche
Geneva, Switzerland

For: TIMEPIECES OF ALL KINDS AND PARTS
THEREOF, in CLASS 27.
First use Jan. 15, 1941; in commerce June 1, 1943.



8005222

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS, SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**

**June 10, 2019**

THE ATTACHED U.S. TRADEMARK REGISTRATION *674,177* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *February 17, 1959*
*4th* RENEWAL FOR A TERM OF *10* YEARS FROM   *February 17, 2019*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *ROLEX WATCH U.S.A., INC.*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

Reg. No. 674,177

Registered Feb. 17, 1959

10 Year Renewal

Renewal Term Begins Feb. 17, 1999

## TRADEMARK
### PRINCIPAL REGISTER

## DATEJUST

ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
655 FIFTH AVENUE
NEW YORK, NY 10022, ASSIGNEE OF MONTRES ROLEX S. A. (ROLEX UHREN AG.) (ROLEX WATCH CO. LTD.) (SWITZERLAND CORPORATION) GENEVA, SWITZERLAND

FOR: TIME-PIECES AND PARTS THEREOF, IN CLASS 27 (INT. CL. 14).

FIRST USE 0-0-1953; IN COMMERCE 0-0-1953.

SER. NO. 72-053,420, FILED 6-12-1958.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Mar. 16, 1999.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

674,177
Registered Feb. 17, 1959

## PRINCIPAL REGISTER
## Trademark

Ser. No. 53,420, filed June 12, 1958

## DATEJUST

Montres Rolex S. A. (Rolex Uhren Ag.) (Rolex Watch
Co. Ltd.), (Swiss corporation)
rue du Marche
Geneva 18, Switzerland

For: TIME-PIECES AND PARTS THEREOF, in
CLASS 27.
First use in 1953; in commerce in 1953.



7642275

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE

United States Patent and Trademark Office

July 17, 2017

THE ATTACHED U.S. TRADEMARK REGISTRATION *831,652* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *July 04, 1964*
*3rd* RENEWAL FOR A TERM OF *10* YEARS FROM   *July 07, 2017*
SECTION 8
SAID RECORDS SHOW TITLE TO BE IN:
   *ROLEX WATCH, U.S.A., INC.*

By Authority of the

Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



W. MONTGOMERY
Certifying Officer

Int. Cl.: 14

Prior U.S. Cl.: 27

United States Patent and Trademark Office

Reg. No. 831,652
Registered July 4, 1967
OG Date Apr. 5, 1988

Renewal

## TRADEMARK
## SUPPLEMENTAL REGISTER

## DAY-DATE

ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
665 FIFTH AVE.
NEW YORK, NY 10022, ASSIGNEE OF MONTRES ROLEX S.A. (SWITZERLAND CORPORATION) GENEVA, SWITZERLAND

FOR: WRIST WATCHES, IN CLASS 27 (INT. CL. 14).

FIRST USE 7–19–1956; IN COMMERCE 7–19–1956.

SER. NO. 228,831, FILED 9–28–1965.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Apr. 5, 1988.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

831,652
Registered July 4, 1967

## SUPPLEMENTAL REGISTER
### Trademark

Ser. No. 228,831, filed Sept. 28, 1965

## DAY-DATE

Montres Rolex S.A. (Swiss corporation)
18 Rue du Marche
Geneva, Switzerland

For: WRIST WATCHES, in CLASS 27.
First use July 19, 1956; in commerce 19, 1956.

C. R. FOWLER, *Examiner.*

8042575

# THE UNITED STATES OF AMERICA

### TO ALL TO WHOM THESE PRESENTS SHALL COME:
UNITED STATES DEPARTMENT OF COMMERCE

**United States Patent and Trademark Office**

**May 11, 2020**

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,331,145*  IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *March 21, 2000*
*2nd* RENEWAL FOR A TERM OF *10* YEARS FROM   *March 21, 2020*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

M. TARVER
Certifying Officer

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

Reg. No. 2,331,145

## United States Patent and Trademark Office

Registered Mar. 21, 2000

### TRADEMARK
### PRINCIPAL REGISTER

## DAYTONA

ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
665 FIFTH AVENUE
NEW YORK, NY 10022

FOR: WATCHES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 0-0-1966; IN COMMERCE 0-0-1966.
OWNER OF U.S. REG. NO. 1,960,768.

SER. NO. 75-518,406, FILED 7-13-1998.

BARBARA A. GOLD, EXAMINING ATTORNEY



7610585

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**

**November 14, 2016**

THE ATTACHED U.S. TRADEMARK REGISTRATION *4,378,540*  IS
CERTIFIED TO BE A TRUE COPY OF THE REGISTRATION ISSUED BY
THE UNITED STATES PATENT AND TRADEMARK OFFICE WHICH
REGISTRATION IS IN FULL FORCE AND EFFECT.

REGISTERED FOR A TERM OF *10* YEARS FROM  *August 06, 2013*
SAID RECORDS SHOW TITLE TO BE IN:  *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer

# United States of America

## United States Patent and Trademark Office

# DEEPSEA

**Reg. No. 4,378,540**
**Registered Aug. 6, 2013**

**Int. Cl.: 14**

**TRADEMARK**

**PRINCIPAL REGISTER**

ROLEX WATCH USA, INC. (NEW YORK CORPORATION)
665 FIFTH AVENUE
NEW YORK, NY 10022

FOR: WATCHES, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 8-31-2008; IN COMMERCE 8-31-2008.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 3,703,603.

SEC. 2(F).

SER. NO. 85-621,803, FILED 5-10-2012.

SHANNON TWOHIG, EXAMINING ATTORNEY



Acting Director of the United States Patent and Trademark Office



8022318

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**

**United States Patent and Trademark Office**

**October 31, 2019**

THE ATTACHED U.S. TRADEMARK REGISTRATION *683,249* IS CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *August 11, 1959*
*4th* RENEWAL FOR A TERM OF *10* YEARS FROM   *August 11, 2019*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *ROLEX WATCH, USA., INC.*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

**M.  TARVER**
**Certifying Officer**



Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

Reg. No. 683,249

Registered Aug. 11, 1959

**10 Year Renewal**

Renewal Term Begins Aug. 11, 1999

## TRADEMARK
## PRINCIPAL REGISTER

### GMT-MASTER

ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
665 FIFTH AVENUE
NEW YORK, NY 10022, ASSIGNEE OF MONTRES ROLEX S. A. (SWITZERLAND CORPORATION) GENEVA, SWITZERLAND

FOR: WATCHES, IN CLASS 27 (INT. CL. 14).

FIRST USE 4-21-1955; IN COMMERCE 9-19-1956.

SER. NO. 72-063,731, FILED 12-5-1958.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Aug. 10, 1999.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

**683,249**
Registered Aug. 11, 1959

## PRINCIPAL REGISTER
Trademark

Ser. No. 63,731, filed Dec. 5, 1958

### GMT-MASTER

Montres Rolex S.A. (Swiss corporation)
18, Rue du Marche
Geneva, Switzerland

For: WATCHES, in CLASS 27.
First use on or about Apr. 21, 1955; in commerce on or about Sept. 19, 1956.



7603832

# THE UNITED STATES OF AMERICA

**TO ALL TO WHOM THESE PRESENTS SHALL COME:**
UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

September 28, 2016

THE ATTACHED U.S. TRADEMARK REGISTRATION *2,985,308* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *August 16, 2005*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM   *August 16, 2015*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *Registrant*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer



Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

**United States Patent and Trademark Office**

Reg. No. 2,985,308

Registered Aug. 16, 2005

## TRADEMARK
### PRINCIPAL REGISTER

# GMT-MASTER II

ROLEX WATCH U.S.A., INC. (NEW YORK COR-
PORATION)
665 FIFTH AVENUE
NEW YORK, NY 100225305

FOR: WATCHES AND PARTS THEREOF, IN
CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 12-31-1984; IN COMMERCE 12-31-1984.

THE MARK CONSISTS OF STANDARD CHAR-
ACTERS WITHOUT CLAIM TO ANY PARTICULAR
FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 683,249.

NO CLAIM IS MADE TO THE EXCLUSIVE
RIGHT TO USE "II", APART FROM THE MARK
AS SHOWN.

SER. NO. 78-422,009, FILED 5-20-2004.

DOMINIC J. FERRAIUOLO, EXAMINING ATTOR-
NEY



8005222

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**

June 10, 2019

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,105,602* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM  *November 07, 1978*
*3rd* RENEWAL FOR A TERM OF *10* YEARS FROM  *November 07, 2018*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
  *ROLEX WATCH U.S.A., INC.*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer

Int. Cl.: 14

Prior U.S. Cl.: 27

Reg. No. 1,105,602

United States Patent and Trademark Office

Registered Nov. 7, 1978

10 Year Renewal

Renewal Term Begins Nov. 7, 1998

## TRADEMARK
## PRINCIPAL REGISTER

## OYSTER PERPETUAL

ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
665 FIFTH AVENUE
NEW YORK, NY 10022, ASSIGNEE OF MONTRES ROLEX S.A. (SWITZERLAND CORPORATION) GENEVA, SWITZERLAND

OWNER OF U.S. REG. NO. 394,881.

FOR: WATCHES AND PARTS THEREOF, IN CLASS 14 (U.S. CL. 27).
FIRST USE 2-25-1938; IN COMMERCE 2-25-1938.

SER. NO. 73-165,727, FILED 4-10-1978.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Oct. 13, 1998.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

Reg. No. 1,105,602

Registered Nov. 7, 1978

## TRADEMARK
### Principal Register

## OYSTER PERPETUAL

Montres Rolex S.A. (Swiss corporation)
3, Rue Francois Dussaud
Geneva, Switzerland

For: WATCHES AND PARTS THEREOF, in CLASS 14 (U.S. CL. 27).

First use at least as early as Feb. 25, 1938; in commerce at least as early as Feb. 25, 1938.

Owner of Reg. No. 394,881.

Ser. No. 165,727, filed Apr. 10, 1978.

R. PEVERADA, Examiner



# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**
United States Patent and Trademark Office

**May 28, 2015**

THE ATTACHED U.S. TRADEMARK REGISTRATION *101,819* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM   *January 12, 1915*
*4th* RENEWAL FOR A TERM OF *10* YEARS FROM   *January 12, 2015*
SECTION 8 & 15
REPUBLISHED SECTION 12C
SAID RECORDS SHOW TITLE TO BE IN:
    *ROLEX WATCH U.S.A. INC.*
    *A NEW YORK CORPORATION*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



**T. WALLACE**
Certifying Officer

Int. Cl.: 14

Prior U.S. Cl.: 27

United States Patent and Trademark Office

10 Year Renewal

Reg. No. 101,819

Registered Jan. 12, 1915

Renewal Term Begins Jan. 12, 1995

## TRADEMARK
## PRINCIPAL REGISTER

# ROLEX

ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
665 FIFTH AVENUE
NEW YORK, NY 10022, BY CHANGE OF NMAE AND ASSIGNMENT FROM AEGLER S. A. (SWITZERLAND COMPANY) BIENNE, SWITZERLAND

OWNER OF SWITZERLAND REG. NO. 34251, DATED 10-7-1913.
FOR: WATCHES, CLOCKS, PARTS OF WATCHES AND CLOCKS, AND THEIR CASES, IN CLASS 27 (INT. CL. 14).
FIRST USE 0-0-1912; IN COMMERCE 0-0-1912.

SER. NO. 71-078,904, FILED 6-8-1914.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Nov. 8, 1994.*

COMMISSIONER OF PATENTS AND TRADEMARKS

Renewed to
Aegler, S.A., Fabrique des Montres Rolex & Gruen Guild A, a
corporation of Switzerland.

# UNITED STATES PATENT OFFICE.

AEGLER S. A., OF BIENNE, SWITZERLAND.

TRADE-MARK FOR WATCHES, CLOCKS, PARTS OF WATCHES AND CLOCKS, AND THEIR
CASES.

**101,819.**                                        Registered Jan. 12, 1915.

Application filed June 8, 1914.   Serial No. 78,904.

## STATEMENT.

*To all whom it may concern:*

Be it known that AEGLER S. A., a company registered in Switzerland under Swiss law, and located in Bienne, Switzerland, doing business at Rebberg Works, Höheweg 82 and 82ª, Bienne, Switzerland, has adopted and used the trade-mark shown in the accompanying drawing, for watches, clocks, parts of watches and clocks, and their cases, in Class 27, Horological instruments.

The trade mark has been continuously used in the business of the said company since the year 1912.

The trade mark is applied or affixed to the goods or to the packages containing same by placing thereon a printed label on which the trade mark is shown; it is also stamped directly on the goods.

AEGLER S. A.
HERMAN AEGLER,
*Director.*

## ROLEX

## DECLARATION.

Confederation of Switzerland. Canton and city of Berne ss.

HERMAN AEGLER, being duly sworn deposes and says that he is the director of the company, the applicant named in the foregoing statement; that he believes the foregoing statement is true; that he believes the said company is the owner of the trade mark sought to be registered; that no other person, firm, corporation or association, to the best of his knowledge and belief, has the right to use said trade mark in the United States, either in the identical form or in any such near resemblance thereto as might be calculated to deceive; (that said trade mark has been registered in Switzerland on the 7th October 1913 No. 34251); that the description and drawing presented truly represent the trade mark sought to be registered; and that the facsimiles show the trade mark as actually used upon the goods.

HERMAN AEGLER.

Subscribed and sworn to before me this 20th day of May, 1914.

[L. S.]                          GEO. HEIMROD,
*Consul of the United States of America at Berne, Switzerland.*

Copies of this trade-mark may be obtained for five cents each, by addressing the "Commissioner of Patents,
Washington, D. C."



8340016

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

**UNITED STATES DEPARTMENT OF COMMERCE**
**United States Patent and Trademark Office**

**January 30, 2023**

THE ATTACHED U.S. TRADEMARK REGISTRATION *4,280,289* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM *January 22, 2013*
*1st* RENEWAL FOR A TERM OF *10* YEARS FROM *January 22, 2023*
*Section 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
   *REGISTRANT*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

Wanda Montgomery
Certifying Officer

# United States of America
## United States Patent and Trademark Office

# SKY-DWELLER

**Reg. No. 4,280,289**
**Registered Jan. 22, 2013**

ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
665 FIFTH AVENUE
NEW YORK, NY 10022

**Int. Cl.: 14**

FOR: WATCHES AND PARTS THEREOF, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 11-8-2012; IN COMMERCE 11-8-2012.

**TRADEMARK**

**PRINCIPAL REGISTER**

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-
TICULAR FONT, STYLE, SIZE, OR COLOR.

SN 85-260,771, FILED 3-8-2011.

MIDGE BUTLER, EXAMINING ATTORNEY



*David J. Kappos*

Director of the United States Patent and Trademark Office

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL
TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE
DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

> *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. *See* 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

> *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between the 9th and 10th years after the registration date.\*
> *See* 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

> You must file a Declaration of Use (or Excusable Nonuse) **and** an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

---

**The United States Patent and Trademark Office (USPTO) will NOT send you any future notice or
reminder of these filing requirements.**

---

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the USPTO. The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. *See* 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. *See* 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE:** Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at http://www.uspto.gov.



8005222

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

UNITED STATES DEPARTMENT OF COMMERCE
United States Patent and Trademark Office

June 10, 2019

THE ATTACHED U.S. TRADEMARK REGISTRATION *860,527* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *20* YEARS FROM   *November 19, 1968*
*3rd* RENEWAL FOR A TERM OF *10* YEARS FROM   *November 19, 2018*
SECTION 8 & 15
SAID RECORDS SHOW TITLE TO BE IN:
   *ROLEX WATCH U.S.A., INC.*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

P. SWAIN
Certifying Officer

Int. Cl.: 14

Prior U.S. Cl.: 27

United States Patent and Trademark Office

Renewal

Reg. No. 860,527
Registered Nov. 19, 1968
OG Date Apr. 18, 1989

## TRADEMARK
## PRINCIPAL REGISTER

### SEA-DWELLER

ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
665 FIFTH AVENUE
NEW YORK, NY 10022, ASSIGNEE OF MONTRES ROLEX S.A. (SWITZERLAND CORPORATION) 1211 GENEVA 24, SWITZERLAND

OWNER OF SWITZERLAND REG. NO. 215610, DATED 1-31-1966.

FOR: WATCHES AND CLOCKS, AND PARTS THEREOF, IN CLASS 27 (INT. CL. 14).

FIRST USE 6-9-1967; IN COMMERCE 6-9-1967.

SER. NO. 289,907, FILED 1-30-1968.

*In testimony whereof I have hereunto set my hand and caused the seal of The Patent and Trademark Office to be affixed on Apr. 18, 1989.*

COMMISSIONER OF PATENTS AND TRADEMARKS

# United States Patent Office

**860,527**
Registered Nov. 19, 1968

## PRINCIPAL REGISTER
### Trademark

Ser. No. 289,907, filed Jan. 30, 1968

## SEA-DWELLER

Montres Rolex S.A. (Swiss corporation)
3, rue Francois Dussaud
1211 Geneva 24, Switzerland

For: WATCHES AND CLOCKS, AND PARTS THEREOF, in CLASS 27 (INT. CL. 14).

First use June 9, 1967; in commerce June 9, 1967.

Owner of Swiss Reg. No. 215,610, dated Jan. 31, 1966.



8213562

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME;

### UNITED STATES DEPARTMENT OF COMMERCE
### United States Patent and Trademark Office

**February 17, 2022**

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,782,604* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM *July 20, 1993*
*2nd* RENEWAL FOR A TERM OF *10* YEARS FROM *July 20, 2013*
*Section 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
  *REGISTRANT*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office



Wanda Montgomery
Certifying Officer

Int. Cl.: 14

Prior U.S. Cl.: 27

## United States Patent and Trademark Office

Reg. No. 1,782,604
Registered July 20, 1993

## TRADEMARK
### PRINCIPAL REGISTER

## SUBMARINER

ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
665 FIFTH AVENUE
NEW YORK, NY 10022

FOR: WATCHES, IN CLASS 14 (U.S. CL. 27).

FIRST USE 0–0–1954; IN COMMERCE 0–0–1954.

SER. NO. 74–336,069, FILED 12–2–1992.

SUSAN LESLIE, EXAMINING ATTORNEY



8340016

# THE UNITED STATES OF AMERICA

## TO ALL TO WHOM THESE PRESENTS SHALL COME:

### UNITED STATES DEPARTMENT OF COMMERCE
#### United States Patent and Trademark Office

**January 30, 2023**

THE ATTACHED U.S. TRADEMARK REGISTRATION *1,749,374* IS
CERTIFIED TO BE A TRUE COPY WHICH IS IN FULL FORCE AND
EFFECT WITH NOTATIONS OF ALL STATUTORY ACTIONS TAKEN
THEREON AS DISCLOSED BY THE RECORDS OF THE UNITED STATES
PATENT AND TRADEMARK OFFICE.

REGISTERED FOR A TERM OF *10* YEARS FROM *January 26, 1993*
*3rd* RENEWAL FOR A TERM OF *10* YEARS FROM *January 26, 2023*
*Section 8 & 15*
SAID RECORDS SHOW TITLE TO BE IN:
   *REGISTRANT*

By Authority of the
Under Secretary of Commerce for Intellectual Property
and Director of the United States Patent and Trademark Office

Wanda Montgomery
Certifying Officer

Int. Cl.: 14

Prior U.S. Cl.: 27

**United States Patent and Trademark Office**

Reg. No. 1,749,374
Registered Jan. 26, 1993

### TRADEMARK
### PRINCIPAL REGISTER

### YACHT-MASTER

ROLEX WATCH U.S.A., INC. (NEW YORK CORPORATION)
665 FIFTH AVENUE
NEW YORK, NY 100225305

FOR: WATCHES, IN CLASS 14 (U.S. CL. 27).

FIRST USE 10–8–1992; IN COMMERCE 10–8–1992.

SN 74–219,826, FILED 11–7–1991.

JILL C. ALT, EXAMINING ATTORNEY

# EXHIBIT 2





























Chino Antonio Tru
July 6 · ✪

Rolex: New Arrivals 🧡

🔴 Automatic Smooth Gliding Movement

🔋 Never Require Battery (self winding)

$120

FR... See more



Chino Antonio Tru
July 23

Rolex. High Quality Automatic Self Winding
Gliding motion. Never requires battery

$250

*FREE custom sizing with purchase









# EXHIBIT 3



# EXHIBIT 4

5/23/23, 3:15 PM     "APD and HSI joint investigation results in over $16 million dollars of counterfeit property seized." from Amarillo Police Department…

Case 2:23-cv-00101-Z-BR     Document 1     Filed 06/15/23     Page 80 of 81     PageID 80

Registered Subscribers:  **Sign In Here**

Receive alerts from your local agencies          ...or text your **ZIP CODE** to **888777** for mobile alerts

**Full Notification**



### Amarillo Police Department

Wednesday November 23rd, 2022 :: 03:41 p.m. CST

Community

### APD and HSI joint investigation results in over $16 million dollars of counterfeit property seized.

AMARILLO POLICE DEPARTMENT
MEDIA/PUBLIC RELEASE



**DATE:     August 2022**

**TIME:**

**CASE NUMBER:**

*INCIDENT TYPE: Counterfeiting*

*OFFICER SUBMITTING RELEASE: Sgt. Carla Burr-PIO*

**More Messages**

**See more messages from Amarillo, Texas »**

**Navigate & Discover**

Enter a town, zip code or address

*DETAILS:*

*In August of 2022, a report was made to the Amarillo Police Department of Trademark Counterfeiting being committed at an Amarillo business.  A joint investigation with Homeland Security Investigations (HSI) Amarillo's Field Office and the Amarillo Police Department began.  During the investigation two search warrants were obtained for the business, Chino's, and a local storage property.  Members of the Amarillo Police Department and Homeland Security Investigations Special Agents executed the search warrants on Monday, November 21, 2022, with over 13,013 counterfeit items being seized.  The total MSRP for these items is over $16 million dollars, including fake Gucci, Louis Vuitton, Nike, and Rolex, among many others.  No arrest has been made and the case is still under investigation.*

**Address/Location**

Amarillo Police Department
200 SE 3rd Ave
Amarillo, TX 79101

5/23/23, 3:15 PM          "APD and HSI joint investigation results in over $16 million dollars of counterfeit property seized." from Amarillo Police Department…

Case 2:23-cv-00101-Z-BR    Document 1    Filed 06/15/23    Page 81 of 81    PageID 81

Contact
Emergency: 9-1-1
Non-emergencies: 806-378-4257

Carla Burr
Public Information Office
carla.burr@amarillo.gov
806-378-4257

Message and data rates may apply. Message frequency varies. Terms and privacy.

Company Overview    Contact    Careers    Terms of Service    Privacy Policy    FAQs

**Powered by Nixle. © 2023 Everbridge, Inc.**